UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


CRAIG BERNARD WASHINGTON

Petitioner,

v.                                          Case No. 5:05-cv-356-Oc-10GRJ

PAUL DECKER, et al.,

Respondents.
_____

## ORDER DENYING PETITION

Petitioner initiated this action by executing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner is now proceeding on an Amended Petition. (Doc. 21). Petitioner challenges his conviction from the Circuit Court in and for Sumter County, Florida. Respondents have filed a response in which they maintain the Amended Petition should be denied with prejudice. (Doc. 23). The Amended Petition, the Amended Response to the Petition, the record submitted with the Amended Response, and Petitioner's reply demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

## Convictions and Sentences

On April 8, 1999, Petitioner was charged by information with trafficking in cocaine in an amount greater than 200 grams but less than 400 grams.[1] On July 13,

_____

[1] Doc. 6, App. A, pg. 7.

2000, the state court held Petitioner's jury trial. Prior to trial, the state court entertained Petitioner's motion to suppress in which Petitioner maintained there was no probable cause for the state trooper to have searched Petitioner.[2] The state trial court denied the Motion to Suppress.[3] Petitioner was convicted as charged. On October 11, 2000, Petitioner was sentenced as an habitual felony offender to a term of life incarceration.[4]

Petitioner's counsel filed an Anders[5] appeal. Upon an independent review of the record, the Fifth District Court of Appeal ordered Petitioner's counsel to address the legality of the sentence imposed. The Fifth District Court of Appeal held Petitioner's sentence to be illegal and vacated his sentence.[6] On a motion for rehearing, the Fifth District Court of Appeal granted the motion, withdrew its previous opinion, and affirmed Petitioner's judgment and sentence. See Washington v. State, 814 So. 2d 1187 (Fla. 5th DCA 2002). Mandate issued on May 8, 2002.[7]

On April 26, 2002, Petitioner filed a notice to invoke the discretionary jurisdiction of the Florida Supreme Court.[8] The Florida Supreme Court stayed proceedings in Petitioner's case pending the disposition of two other cases pending

---

[2]Doc. 6, App. A, pg. 49.

[3]Doc. 6, App. B, pg. 46.

[4]Doc. C, App. C, pg. 37.

[5]Anders v. California, 386 U.S. 738 (1967).

[6]Doc, 6, App. H.

[7]Doc. 6, App. J.

[8]Doc. 6, App. K.

before the court.[9]  After the disposition of the other two cases, Petitioner filed a notice of voluntary dismissal, which was granted in an order dated October 21, 2002.[10]  See Washington v. State, 831 So. 2d 675 (Fla. 2002).

On May 9, 2002, Petitioner executed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  In an order dated August 13, 2002, the Fifth District Court of Appeal denied the petition.[11]

On September 11, 2002, Petitioner executed a Rule 3.850 motion for post-conviction relief.[12]  Petitioner later filed an amended motion raising three grounds for relief.[13]  On July 22, 2004, the trial court denied Petitioner's ineffective assistance claims and resentenced Petitioner to fifteen years incarceration followed by fifteen years probation.[14]

On July 26, 2004, Petitioner filed a notice of appeal.[15]  In an order dated March 15, 2005, the Fifth District Court per curiam affirmed.  See Washington v. State, 896 So. 2d 772 (Fla. 5th DCA 2005).  Mandate issued on April 1, 2005.[16]

---

[9]Doc. 6, App. L.

[10]Doc. 6, App. M.

[11]Doc. 6, App. O.

[12]Doc. 6, App. P.

[13]Doc. 6, App. Q.  Petitioner claimed 1) ineffective assistance of counsel for failing to preserve by objection or proper motion the issue of the illegality of Petitioner's sentence, 2) ineffective assistance of counsel for failing to preserve the trial court's denial of his motion to suppress, and 3) ineffective assistance of counsel for failure to independently investigate the mechanical or faulty equipment problems with the car.

[14]Doc. 6, App. V, W.

[15]Doc. 6, App. X.

[16]Doc. 6, App. BB.

While this appeal was pending, Petitioner also filed a petition for writ of prohibition with the Florida Supreme Court. The court denied the petition in an order dated September 19, 2005.[17]

On April 4, 2005, Petitioner filed a motion to correct illegal sentence followed by an amended motion to correct illegal sentence on April 24, 2005.[18] In an order dated June 29, 2005, the trial court denied Petitioner's motion.[19] Petitioner filed a motion for rehearing which again resulted in an order from the trial court denying relief.[20] On appeal, the Fifth District Court of Appeal *per curiam* affirmed.[21] Mandate issued on December 9, 2005.[22]

On August 5, 2005, Petitioner executed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On March 5, 2006, Petitioner filed his Amended Petition (Doc. 21) raising the same two grounds for relief:

1. Ineffective assistance of trial counsel for failing to preserve for appellate review the trial court's denial of the motion to suppress, and

2. Ineffective assistance of trial counsel for failing to independently investigate the alleged mechanical problems with Petitioner's car.

---

[17]Doc. 6, App. EE-FF.

[18]Doc. 6, App. GG.

[19]Doc. 6, App. HH.

[20]Doc. 6, App. KK.

[21]Doc. 6, App. MM.

[22]Doc. 6, App. NN.

## Timeliness of Petition

Respondents concede the Petition is timely filed within the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.[23]

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[24] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[25] Both of Petitioner's claims have been exhausted.

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant

---

[23]Doc. 23, pg. 12.

[24] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[25] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

to 28 U.S.C. § 2254 is limited.[26] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[27] Moreover, each clause, "contrary to" and "unreasonable application," provides a separate basis for review.[28]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[29] The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[30] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[31]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a

---

[26] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[27] See 28 U.S.C. § 2254(d)(1).

[28] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[29] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[30] See 28 U.S.C. § 2254(e)(1).

[31] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.[32]

## Merits of Claims

Petitioner's two claims both relate to ineffective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. Id. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690; Gates v. Zant, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing

---

[32] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002) cert. denied, 538 U.S. 906 (2003); see also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004).

with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).

Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

Petitioner first alleges ineffective assistance of counsel for failing to renew the amended motion to suppress at the time the cocaine was being introduced into evidence. Petitioner raised this claim as ground 2 in his amended motion for post-conviction relief. As the State responded to the claim:

[Petitioner's] main claim is that his attorney was ineffective for failing to preserve the issues raised during the suppression hearings. The motion to suppress in this case was handled in two separate parts. The motion to suppress the search of the [Petitioner] was handled immediately preceding the trial, just before the jury came in. The Judge heard all of the facts and denied the motion.

. . .

The defendant must show that there is a reasonable probably that but for counsel's unprofessional errors, the result of the proceedings would have been different. Here he is unable to do that. The same evidence that was heard by the judge in the motion was presented for the trial. There was nothing different about the State's case. It is not likely that the Court would rule one way for the hearing and then rule a different way on the same evidence on the same day.

Furthermore, there is an extremely high burden of proof to overcome a Trial Court's findings on motions to suppress. The motion in this case involves

factual findings by the Trial Court. [Petitioner] has not address any legal issues on which he feels the court erred. Again, the [Petitioner] t is unable to show that he has been prejudiced.[33]

During the hearing on Petitioner's motion for post-conviction relief the trial court and counsel discussed the two <u>Strickland</u> prongs, concentrating on the issue of prejudice. After hearing argument on the motion for post-conviction relief, the trial court summarily denied relief as to this claim.

Respondent contends that Petitioner is not entitled to relief on this issue because Petitioner cannot demonstrate prejudice. The Court agrees. Even if counsel was deficient in failing to renew the motion to suppress, Petitioner can not show prejudice. Petitioner has not shown that the result of the proceedings would have been different.

"A meritorious Fourth Amendment issue is a necessary prerequisite for Petitioner's Sixth Amendment claim to succeed." <u>Huynh v. King</u>, 95 F.3d 1052, 1058 (11th Cir. 1996). In this context, Petitioner would have to prove that either the trial court would have ruled a different way on the same evidence on the same day, or that upon appellate review, the trial court's ruling would have been reversed.

On appeal in this case, the Fifth District Court of Appeal performed an independent review of the record and ordered Petitioner's counsel to address only the legality of the sentence imposed. Further, the trial court's denial of the motion to suppress is accorded a presumption of correctness on appeal and in this case the

---

[33]Doc. 6, App. T.

court's ruling is supported by substantial evidence.

In the second claim, Petitioner alleges ineffective assistance of counsel for failing to investigate and prove that there were no mechanical problems with his vehicle to justify a valid basis for the traffic stop. Petitioner raised this claim as ground 3 in his amended motion for post-conviction relief. This ground fails because Petitioner's trial counsel attempted to locate the mechanic as requested by Petitioner but had been unsuccessful. Petitioner has not shown counsel was deficient. In sum, Petitioner fails to show that the state court unreasonably applied <u>Strickland</u>.

## Conclusion

The Petition is **DENIED.** The Clerk is directed to enter judgment dismissing the Petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 17th day of September 2009.

UNITED STATES DISTRICT JUDGE

c:  Craig Bernard Washington
    Counsel of Record